**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JOHN A. BOCHNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:14-CV-1604-JVB |
| v. | ) | |
| | ) | |
| BRUCE LEMMON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

John A. Bochner, a *pro se* prisoner, filed a complaint alleging that six defendants denied

him access to the courts. "A document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless,

pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action

is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who

is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must

allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the

defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Bochner alleges that the prison law library at the Miami Correctional Facility was

inadequate for various reasons from March 14, 2011, until October 22, 2012. He alleges that as a

result, many inmates were denied the ability to conduct necessary legal research. However,

Bochner is not an attorney and though he can represent his own interests, he may not represent

others. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*,

270 F.3d 1147, 1149 (7th Cir. 2001); and *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995).

Moreover, there is no "abstract, freestanding right to a law library [and] an inmate cannot

establish relevant actual injury simply by establishing that his prison's law library or legal

assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351

(1996). Therefore the mere inadequacy of the Miami Correctional Facility Law Library does not

state a claim.

But Bochner also alleges that his post-conviction appeal was procedurally defaulted

because of the inadequate law library. However, State actors have no duty to assure that

prisoners can litigate claims effectively once they have been raised in court. The right to access,

goes no further than access:

> It must be acknowledged that several statements in *Bounds* went beyond
> the right of access recognized in the earlier cases on which it relied, which was a
> right to bring to court a grievance that the inmate wished to present . . . . These
> statements appear to suggest that the State must enable the prisoner to discover
> grievances, and to litigate effectively once in court . . . . These elaborations upon
> the right of access to the courts have no antecedent in our pre-*Bounds* cases, and
> we now disclaim them.

*Lewis*, 518 U.S. at 354. *Lewis* only requires that an inmate be given access to file a complaint or

appeal. As the Seventh Circuit has explained, [t]he right of access to the courts protects prisoners

from being shut out of court, it does not exist to enable the prisoner to litigate effectively once in

court." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (en banc) (quotation marks, citations

and ellipsis omitted).  Though Bochner did not provide the cause number of his post-conviction

appeal, it is clear that he is referring to *Bochner v. State*, 41A01-1112-PC-625 (Ind. Ct. App.

filed February 9, 2012) and that he was not shut out of court. *See* Indiana Clerk of the Appellate

Courts Online Public Docket.[1]

---

[1] https://courtapps.in.gov/Docket/Search/Detail?casenumber=41A011112PC00625

Bochner filed his notice of appeal on December 14, 2011. He filed an amended notice of appeal on January 9, 2012. He filed three motions on February 9, 2012. He filed a letter on March 6, 2012, and a motion and a letter on March 21, 2012. He filed a motion on April 4, 2012, and a letter on April 5, 2012. He filed motions on May 10, 2012, May 15, 2012, May 29, 2012, and June 19, 2012. He filed two more motions on July 9, 2012. He filed motions on August 10, 2012, August 21, 2012, September 7, 2012, September 18, 2012, October 3, 2012, and October 4, 2012. Clearly he was not being denied access to the court. Nevertheless, his appeal was dismissed on October 22, 2012. Thereafter, he filed two motions and a notice on October 25, 2012. He filed a petition for rehearing on November 16, 2012. He filed a petition to transfer to the Indiana Supreme Court on January 7, 2013, and February 1, 2013. The record amply demonstrates that Bochner had access to the court.

The record can be read to support Bochner's allegation that he was not able to litigate effectively, but as previously explained, such an allegation does not state a claim. Bochner's allegations are merely that he might have been more effective if he had been given better access to legal research materials. The allegations in *Nitz v. Hall*, 473 Fed. Appx. 513 (7th Cir. 2012), were much more far ranging, and yet Nitz did not state a claim. He alleged that prison officials confiscated

> at least four DVDs depicting video surveillance related to his criminal cases. According to the complaint, Nitz informed prison employees that he needed the DVDs to proceed in the pending litigation, but the employees took the DVDs as contraband and refused to provide accurate "shakedown slips" inventorying the number of DVDs taken. As a result of the employees' actions, Nitz says, his petition for review of his state criminal conviction was denied; his civil case in *Nitz v. Harvey* was dismissed; summary judgment was granted for two defendants in *Nitz v. Doe*; and his social security disability appeal was denied. He further alleged that prison employees intentionally "messed up" legal copies by copying only one side of two-sided documents and refused to provide him with the

3

original materials; that prison grievance officers "refused to investigate" grievances he had filed against prison library staff; and that his former parole officer thwarted his success in his criminal and civil cases by neither testifying on his behalf nor providing exculpatory evidence.

*Id.* at 514 (citations omitted).

> He alleged that the prison prevented him from **effectively** litigating actions that were pending, but the right of access protects prisoners from "being shut out of court," *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); it does not exist to "enable the prisoners . . . to litigate **effectively** once in court," *Lewis*, 518 U.S. at 354 (emphasis in original).

*Id.* at 515 (parallel and string citation omitted). The Seventh Circuit then explained that Nitz could no longer proceed *in forma pauperis* unless he was in imminent danger of serious physical injury because he had accumulated three strikes pursuant to 28 U.S.C. § 1915(g). The court noted that in addition to having acquired one strike in an unrelated case, Nitz received another for filing *Nitz v. Hall* in the district court and a third because the appeal was frivolous.

Bochner picked up his first strike in *Bochner v. Truax*, 3:09-cv-387 (N.D. Ind. filed August 26, 2009), when it was dismissed pursuant to 28 U.S.C. § 1915A(b). Today, this case is his second strike because it too is being dismissed pursuant to 28 U.S.C. § 1915A(b). Bochner is cautioned that if he files another meritless case or appeal, he, too, will be prohibited from filing any further civil cases unless he either pre-pays the $400 filing fee or is in imminent danger of serious physical injury.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED** on June 12, 2014.

  S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE